UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DERAC A. HANLEY,<br><br>    Petitioner,<br> v.<br>ISIDRO BACA, et al.,<br><br>    Respondents. | Case No. 3:14-cv-00521-MMD-WGC<br><br>ORDER |

   A Nevada prisoner, deRac A. Hanley, has submitted an application to proceed *in forma pauperis* (dkt. no. 1) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. no. 1-1). The Court has reviewed the petition pursuant to Habeas Rule 4, and the petition shall be docketed and served upon the respondents.

   A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

   Also before the Court is petitioner's motion for the appointment of counsel (dkt. no. 1-4). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481

1  U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469
2  U.S. 838 (1984). However, counsel must be appointed if the complexities of the case
3  are such that denial of counsel would amount to a denial of due process, and where the
4  petitioner is a person of such limited education as to be incapable of fairly presenting his
5  claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th
6  Cir.1970). The petition on file in this action appears sufficiently clear in presenting the
7  issues that petitioner wishes to raise, and the legal issues do not appear to be
8  particularly complex; therefore, counsel is not justified. Petitioner's motion is denied.

9  It therefore is ordered that petitioner's application to proceed *in forma pauperis*
10 (dkt. no. 1) is granted.

11 It further is ordered that the Clerk shall file and electronically serve the petition
12 (dkt. no. 1-1) on the respondents.

13 It further is ordered that respondents shall file a response to the petition,
14 including potentially by motion to dismiss, within ninety (90) days of service of the
15 petition, with any requests for relief by petitioner by motion otherwise being subject to
16 the normal briefing schedule under the local rules. Any response filed shall comply with
17 the remaining provisions below, which are entered pursuant to Habeas Rule 4.

18 It further is ordered that any procedural defenses raised by respondents in this
19 case shall be raised together in a single consolidated motion to dismiss. In other words,
20 the court does not wish to address any procedural defenses raised herein either in
21 *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer.
22 Procedural defenses omitted from such motion to dismiss will be subject to potential
23 waiver. Respondents shall not file a response in this case that consolidates their
24 procedural defenses, if any, with their response on the merits, except pursuant to 28
25 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents
26 do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within
27 the single motion to dismiss not in the answer; and (b) they shall specifically direct their
28 argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v.*

*Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It further is ordered that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It further is ordered that petitioner shall have thirty (30) days from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

It further is ordered that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded — for this case — to the staff attorneys in Reno.

It further is ordered that the Clerk of Court shall detach and file petitioner's motion for appointment of counsel (dkt. no. 1-4).

It further is ordered that petitioner's motion for appointment of counsel (dkt. no. 1-4) is denied.

DATED THIS 20th day of November 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE